IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDY HERRIN, o/b/o L.L.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-150 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Wendy Herrin ("Plaintiff"), proceeding on behalf of her daughter, L.L.H., ("Claimant")

appeals the decision of the Acting Commissioner of Social Security denying her application for

Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the

briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the

Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be

**AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the

Commissioner.

## I.    BACKGROUND

Plaintiff protectively applied for SSI on behalf of Claimant on June 20, 2011, alleging a

_____

[1]For ease of reference, the Court will hereinafter refer to the Acting Commissioner as
"Commissioner."

disability onset date of September 1, 2005. Tr. ("R."), pp. 137-40. The Social Security Administration denied Plaintiff's application initially, R. 82-83, and on reconsideration, R. 86-93. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 99-100, and the ALJ held a hearing on December 17, 2012. R. 40-81. At the hearing, the ALJ heard testimony from Plaintiff and Claimant, who were represented by counsel. Id. On January 17, 2013, the ALJ issued an unfavorable decision. R. 21-35.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1.  The claimant has not engaged in substantial gainful activity since June 20, 2011, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2.  The claimant has the following severe impairment: attention deficit hyperactivity disorder ("ADHD"), mood disorder, and oppositional defiance disorder ("ODD") (20 C.F.R. § 416.924(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). Thus, the claimant has not been disabled, as defined by the Social Security Act, from June 20, 2011, through January 7, 2013 (20 C.F.R. § 416.924(a)).[2]

R. 24-35.

When the Appeals Council denied Plaintiff's request for review on May 16, 2013, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse

---

[2]While Claimant's alleged onset date was August 31, 2001, SSI benefits cannot be paid until the month after an application is filed and all other requirements for eligibility are met. 20 C.F.R. § 416.335. As Plaintiff filed the application on behalf of Claimant on June 20, 2011, the relevant time period under consideration began, at the earliest, in June 2011. See Manzo v. Comm'r of Soc. Sec., 408 F. App'x 265, 267 n.2 (11th Cir. 2011).

decision.

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by (1) failing to properly evaluate a childhood disability evaluation form completed by Dr. Karen Carter and (2) failing to properly analyze Plaintiff's credibility. (See doc. no. 24 ("Pl's Br."), pp. 10-15.) As to her first ground of error, Plaintiff contends that Dr. Carter's evaluation form shows Claimant functionally equaled the Listings by having a marked limitation in two domains of functioning or an extreme limitation in one domain of functioning under 20 C.F.R. § 416.926(b)(1). (Id. at 10-14.)[3]

The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 25 ("Comm'r's Br.").)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole

---

[3]Although Plaintiff titles her argument as asserting that the ALJ improperly evaluated Dr. Carter's opinion and, based on this improper evaluation, erroneously found that Claimant did not meet Listing 112.11, her substantive argument is that Dr. Carter's opinion showed Claimant functionally equaled the severity of Listing 112.11. (Cf. Pl's Br., pp. 1, 10 with id. at 10-14.) Because Dr. Carter's responses on the evaluation form correspond to functional equivalence and not to the criteria of Listing 112.11, the Court will only address the functional equivalence argument. See R. 282.

record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

**III.     DISCUSSION**

    **A.     The ALJ Properly Determined that Claimant Did Not Functionally Equal the Listings.**

        **1.     The Three-Step Sequential Process to Evaluate Disability in Children.**

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the child is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the child has a severe impairment or combination of impairments; if the child does not have any severe impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the child's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d). If the child does not have an impairment that meets, medically equals, or functionally equals the Listings, the child will not be found disabled. Id. § 416.924(d)(2).

The child bears the burden of presenting specific medical findings to show they meet a Listing. Wilkinson ex rel. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). In order to show that their impairment meets a Listing, a child needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

Functional equivalence can be found by assessing a child's overall functional limitations that result from the child's severe impairment or combination of impairments. 20 C.F.R. § 416.926a. In determining functional equivalence, the Commissioner must consider the impact of the child's impairment or impairments on six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do." Id. § 416.926a(b)(1). These domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and

relating with others; (4) moving about and manipulating objects; (5) caring for [one]self; and (6) health and physical well-being.  Id.  Functional equivalence requires a "marked" limitations in two domains or an "extreme" limitation in one domain.  Id. § 416.926a(a).

A marked limitation is one that "interferes seriously" with a child's ability to independently initiate, sustain or complete activities, while an extreme limitation is one that "interferes very seriously" with a child's ability to initiate, sustain, or complete activities.  Id. §§ 416.926a(e)(2)-(3).  However, a rating of extreme is reserved for only the "worst limitations," although this "does not necessarily mean a total lack or loss of ability to function."  Id. § 416.926a(e)(3).

### 2. The ALJ Properly Gave Little Weight to Dr. Carter's May 2012 Evaluation Form.

Plaintiff asserts the ALJ did not show good cause for discounting a May 3, 2012 "Child Disability Evaluation Form" completed by Dr. Carter.  (Pl's Br., pp. 10-14.)  On the form, Dr. Carter responded that Claimant had (1) marked limitation in the domain of acquiring and using information, (2) extreme limitation in the domain of attending and completing tasks, (3) extreme limitation in interacting and relating with others, (4) less than marked limitation in the domain of caring for yourself, and (5) no evidence of limitation in the domain of health and physical well-being.  R. 282.  Dr. Carter failed to answer the section regarding Claimant's ability to move about and manipulate objects.  Id.  The ALJ assigned Dr. Carter's opinion "little weight" because it was inconsistent with Dr. Carter's own treatment notes.  R. 28-29.  Here, the Court finds that the ALJ properly discounted Dr. Carter's opinion.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight.  Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986).  Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause.  Schnorr v. Bowen,

816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford, 363 F.3d at 1159 (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

With respect to the first domain of acquiring and using information, the ALJ found that in contrast to Dr. Carter's finding on May 3 that Claimant's impairments caused a marked limitation in this domain, just 12 days later Dr. Carter noted that Plaintiff reported Claimant "had As and Bs on her last report card" and "will be out of special education next year and in regular classes." R. 284. Additionally, Dr. Carter's notes about Claimant's grades were consistent with evidence of Claimant's scholastic record the ALJ had already discussed, including more of Dr. Carter's recent treatment notes. R. 27-29. Indeed, on April 16, 2012, when Claimant was in second grade, at Claimant's first visit with Dr. Carter, during extended development testing,

Claimant scored in the second grade range on the Wide Range Achievement Test in the areas of reading, spelling, and math. R. 27-28, 277-80.

Earlier, in August 2011, after Dr. Elizabeth Messulam adjusted Claimant's medications in June and July 2011, Plaintiff reported to Dr. Messulam that Claimant had completed first grade, "did well academically and was promoted to the second grade," and had never failed a grade, but "struggles at times with her reading," which was at a kindergarten level. R. 27, 237, 239, 241. That same month, Plaintiff reported to M. Kevin Turner, Ph.D., who was performing a consultative psychological examination, that Claimant was currently in an Individualized Education Program, but showed great improvement after taking her medication and made the honor roll. R. 27, 248-51. In November 2011, Plaintiff reported to Dr. Messulam that Claimant was doing "very well in school" and had "the second highest grades in her entire class." R. 27, 266. When assessing this domain, the ALJ also noted that in a September 2011 questionnaire, Christal Van De Loo, Claimant's second grade teacher, noted that Claimant's reading, math, and written language skills were on grade level and that she had observed no problems in the domain of acquiring and using information. R. 30, 154-63.

As to the second and third domains of attending and completing tasks and interacting and relating to others, the ALJ found that, in contrast to Dr. Carter's May 2012 findings of extreme limitation in both domains, in August 2012 Dr. Carter noted that Claimant was fairly easy to engage and able to follow a one-step request. R. 28, 299-300. Furthermore, during extended developmental testing on Claimant's initial visit with Dr. Carter in April 2012, Dr. Carter noted Claimant was impulsive, hyperactive, and distracted but was smiling and fairly easy to engage, made fleeting eye contact, followed a one-step request, exhibited fair judgment and no tics, short attention span, or delayed articulation. R. 28, 279.

Earlier, in June and July 2011, Dr. Messulam noted Claimant was cooperative, alert, and oriented, with coherent speech, logical and organized thoughts, and euthymic and appropriate mood and affect. R. 26-27, 237, 239. In August 2011, Dr. Turner noted Claimant was cooperative in school, quiet, had low volume speech, normal attention, made eye contact, had a mildly depressed mood, and restricted affect. R. 27, 249. At counseling with Dr. Messulam in September, Claimant's mother again reported significant improvement. R. 27, 253. In December 2011, Katie Nelson LPC, NCC, stated in a letter that Claimant had shown improvement in areas such as school behavior and school performance, continued to have difficulty with anger, social skills, and sad mood, but her progress indicated she could continue to improve with ongoing counseling services. R. 27, 270.

The ALJ also noted Ms. Van De Loo's opinion that Plaintiff was fully functional in both domains and only had slight difficulty in playing cooperatively with others and focusing long enough to finish assignments. R. 31, 32, 156-157. Ms. Van De Loo also stated that she did not have to implement any behavior modification strategies for Claimant. R. 32, 157. Furthermore, while Plaintiff testified that Claimant fights with her older sister and is antisocial, Claimant testified that she loves to play outside and has already made a new friend at the school where she recently started. See R. 32, 48, 57, 75-77.

Moreover, the ALJ considered the opinions of state agency consultants Dr. Massey and Dr. O'Neil. An ALJ may give state agency opinions great weight if substantial evidence supports them. SSR 96-6p, 1996 WL 374180; Jarrett v. Comm'r of Soc. Sec., No. 10-13911, 2011 WL 1378108, at *3-5 (11th Cir. Apr. 11, 2011) (concluding ALJ properly gave more weight to non-examining consultants' opinions over a treating physician's opinion). In October 2011, state agency psychologist Dr. David E. Massey reviewed the record and opined Plaintiff's

impairments caused no more than minimal functional limitations. R. 29, 255-260. The ALJ gave Dr. Massey partial weight because she found that Claimant had some functional limitations. R. 29. In January 2012, state agency psychologist Dr. Linda O'Neil reviewed the record and opined Plaintiff's impairments did not meet, medically equal, or functionally equal the listings. R. 29, 271-276. Dr. O'Neil also found that Claimant had less than marked limitation in (1) acquiring and using information, (2) attending and completing tasks, and (3) interacting and relating with others. R. 29, 273. The ALJ afforded Dr. O'Neil's opinion great weight because it was supported by the testimony, Dr. Turner's consultative examination, and Ms. Van De Loo's questionnaire responses. R. 29.

In sum, the ALJ properly assigned Dr. Carter's May 2012 opinion little weight after considering all the evidence of record and finding the opinion unsupported by Dr. Carter's own treatment notes. Lewis, 125 F.3d 1440. Additionally, the ALJ considered all the relevant evidence in determining whether Claimant functionally equaled the listings and properly determined, based on substantial evidence, that she did not have a marked limitation in the domain of acquiring and using information, an extreme limitation in the domain of attending and completing tasks, or an extreme limitation in interacting and relating with others. 20 C.F.R. § 416.926a.

**B.** **The ALJ Properly Discredited the Subjective Testimony Regarding Claimaint's Limitations.**

Plaintiff argues the ALJ erroneously concluded that Plaintiff's testimony concerning Claimant's limitations was inconsistent with the record without providing any explicit reasons for rejecting her testimony. (Pl's Br., pp. 14-15.) Plaintiff asserts the ALJ merely provided a boilerplate credibility finding by stating that the testimony was "inconsistent with the record for

the reasons explained below," but instead of giving reasons, just summarized the evidence and provided reasons for assigning certain medical opinions various degrees of weight. (Id.)

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, the ALJ properly reviewed Plaintiff's allegations concerning Claimant's limitations as stated in her testimony at the hearing. R. 25-26. However, the ALJ found that "[C]laimant's

medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the records for the reasons explained below." R. 26.

The ALJ then discussed at length the many inconsistencies between Plaintiff's testimony and the medical evidence and school records and Plaintiff's previous statements regarding Claimant's limitations. R. 26-28. For example, in addition to the evidence discussed in Section III.A.2, *supra*, Plaintiff's mother stated Plaintiff was borderline bipolar, R. 25, 47, but no physician ever made a diagnosis of bipolar disorder or borderline bipolar disorder. Plaintiff also testified Claimant's grades were "17s, 50s, 46s" at Claimant's new, more advanced school, but the ALJ explained that the record showed Claimant was an A/B student, was in the process of being tested for IEP, and had excelled in IEP at her previous school. R. 30, 35, 56, 184, 214, 228, 241, 266. Claimant's scholastic records, discussed in Section II.A.2, *supra*, contradict Plaintiff's allegations of total disability in this area.

Additionally, while Plaintiff alleged that Claimant fights with her older sister and is antisocial, Claimant testified that she loves to play outside with her cousin and has a new friend at school. See R. 32, 48, 57, 75-77. Plaintiff testified that Claimant does not like to eat and must be made to eat, but Dr. Carter reported in August 2012 that Claimant was well-developed and well-nourished. R. 25, 34, 299. While Plaintiff alleged that Claimant was totally disabled by ADHD and sometimes had trouble sleeping, the record showed that these problems were controlled by medication. R. 25-27, 34. Indeed, Plaintiff reported to Dr. Carter in August 2012 that Claimant was sleeping well and in September and November 2011 that Claimant was doing "significantly much better" in school, had received no phone calls from school, and Claimant had been sleeping well. R. 27, 34, 253, 266, 299.

In sum, the ALJ properly reviewed Plaintiff's allegations of total disability with the medical evidence of record and properly found, based on substantial evidence, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of Claimant's symptoms were not consistent with the record and gave explicit and adequate reasons for her finding. Foote, 67 F.3d at 1561-62; Dyer, 395 F.3d at 1210-11.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 4th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA